## No. 647

## MATT v. POPOWSKI

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7705. Decided June 27, 1927.

**480. EVIDENCE — W h e r e** hypothetical question and answer thereto are allowed in evidence with respect to operation of plaintiff prior to accident, it is not prejudicial error for court not to exclude such question and answer where there is credible evidence in record to support judgment rendered in favor of plaintiff.

Error to Common Pleas. Judgment affirmed.

### First Publication of this Opinion

SULLIVAN, P.J.

In the Cuyahoga Common Pleas Mary Popowski recovered a judgment against Hyman Matt for damages for personal injuries received in a collision between a car of the Cleveland Railway Co., and a truck of Matt. When the collision occured, Popowski was a passenger in the street car, and had just left her seat for the purpose of leaving said street car.

Matt prosecuted error claiming that the verdict and judgment against him were manifestly against the weight of the evidence. It was also argued that the court committed error in not excluding from the evidence a question and answer involving an hypothetical question, for the reason that it contained an element not in the case when the question was asked and answered.

In order to reverse on the weight of the evidence, there must project from the record some fact or circumstance that bears testimony to a miscarriage of justice, and there is not such a situation in this record. Such a reversal can be made only as a matter of law, and not because of any opinion on part of the reviewing court.

It is claimed that there was an assumption that Popowski, prior to the accident, had always been well and in good health, but the evidence disclosed that she had had certain operations.

The real queston to determine, with respect to the competency of the hypothetical question, is whether the operations were of such a nature that they were an impairment to plaintiff's health, because of the fact that all operations are not indications of bad health.

Credible evidence in the instant case discloses that even though there were operations, they did not mateially affect her health, so that in this aspect of the case there is some question as to whether or not the court committed error in not excluding the testimony.

Assuming that the court committed error, it was not prejudicial on account of the opposing view point arising from the character and effect of the operatins. The expert was not cross-examined as to whether his opinion concerning plaintiff's condition would be changed by the history of the operations.

Judgment affirmed.

(Vickery and Levine, JJ., concur).

Attorneys — Dustin, McKeehan, Merrick, Arter & Stewart for Matt; Klein, Harris & Diehm for Popowski; all of Cleveland.

(Continued from page 575)

**920. PHYSICIANS AND SURGEONS.**

Where wife, being injured, sends for physician, and physician comes, she is acting as agent for her husband and he will be liable for physician's bi (Toledo v. Duffy, 13 C. C. 482 followed).

2. Husband is liable for medical service rendered his wife, where there is no special contract tthe contrary. Cleve. Ry. Co. v. Kuncic, OA. 5 Abs. 580

**1020. REMITTITUR.**

Where item is erroneously included in damages, error is not cured by remittitur, when amount cannot be determined from record. Cleve. Ry. Co. Kuncic, OA. 5 Abs. 580.

**1024. RES GESTAE.**

Testimony given by testator in law s tried twenty-five years before making of will, not aissible, in will contest, as part of res gestae. Sulliva et v. Cassidy, OA. 5 Abs. 582.

**1085. SERVICE OF PROCESS.**

Service of machine by employe of mfacturer located in another state constitutes doing buss within State for purpose of service of process. Co v. Machine Co., US. Ct. of App., 5 Abs. 584.

**1235. VERDICTS.**

Reviewing court will not distur erdict on ground that it was influenced by passior c prejudice where trial judge who came from jurilition distant from county in which case was tried, fsed to reduce verdict or set it aside. Gerber, et · ierber, OA. 5 Abs. 578.

**1265. WEIGHT OF EVIDENCE.**

In action for alienation of effetions verdict for husband where evidence shows that fore wife met defendant she had considerable friction and difficulties with husband, that they were often ra breaking point and fails to show improper relation between wife and defendant, is against the weigh of evidence. Abel v. Schaller, OA. 5 Abs. 579.

Verdict, granting compensation where record shows that claimant claimed injury ankle from fall in in course of employment; that ankle had been in an infected condition for ten years prior to spraining; that claim for compensation was not made for more than one year after accident; that wife solicited fiancial aid from employer without making mention of ijury, is against weight of evidence. Grasselli Chemica Co. v. Martinec, OA. 5 Abs. 575.

Where facts and circumstnces are in direct conflict, jury is only arbiter that an determine question, and unless verdict is not supprted by sufficient evidence, reviewing court will not be justified in setting it aside. Sullivan, et v. Cassidy, OA 5 Abs. 582.

**1271. WILLS AND LEGACIES.**

In will contest, jury may consider age and mental and physical condition of testator, his habits and associations, his relation to parties interested, his affections towards them, their claim upon his bounty, the character and extent of his property, and the disposition he made of it. Sullivan, et v. Cassidy, OA. 5 Abs. 582.

**1295. ZONING ORDINANCES.**

Zoning ordinance held unreasonable. University Hts. (Vil.) v. Cleveland Jewish Orphans' Home, US. Ct. of App., 5 Abs. 587.